■ ROBERT KADANOFF, Respondent, v CAROL KADANOFF, Appellant. BERNARD G. POST, Nonparty Respondent. [848 NYS2d 661]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Montagnino, R.), dated March 25, 2005, which, upon a decision of the same court dated February 28, 2005, inter alia, distributed the marital assets between the parties in accordance with a stipulation of the parties dated October 16, 2003, and awarded her durational maintenance in the sum of only $4,000 per month for a period of only five years, and (2) from an order of the same court dated June 13, 2005, which, inter alia, fixed the value of a charging lien in favor of Bernard G. Post, the defendant's former attorney, and against her, at $66,137.19.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding durational maintenance in the sum of $4,000 per month for a period of five years and substituting therefor a provision awarding durational maintenance in the sum of $4,750 per month for a period of five years; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, reversal of the judgment is not warranted based on the court's alleged failure throughout the course of the instant litigation and, in particular, when the defendant appeared pro se at trial, to provide reasonable accommodation for her alleged disability, in violation of the Americans with Disabilities Act (hereinafter the ADA). The defendant submitted insufficient evidence in support of her claim that she was disabled. Moreover, she failed to demonstrate, as required by the ADA, that, by reason of her alleged disability, she was substantially limited in a major life activity (*see Blank v Investec Ernst & Co.*, 2004 WL 2725138, 2004 US Dist LEXIS 24008 [SD NY 2004]).

There is no merit to the defendant's contention that reversal of the order fixing the value of a charging lien in favor of Bernard Post, her former attorney, is required because the Supreme Court denied her applications for a continuance of an attorney's fee hearing held on April 27, 2005. In general, the granting or denying of a continuance is within the sound discretion of the trial court (*see Byrnes v Varlack*, 17 AD3d 616, 616-617 [2005]; *Herbert v Edwards Super Food Stores-Finast Supermarkets*, 253 AD2d 789 [1998]). However, it is an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for purposes of delay, the evidence is material, and the need for a continuance does not result from the failure to exercise due diligence (*see Byrnes v Varlack*, 17 AD3d at 617; *Romero v City of New York*, 260 AD2d 461 [1999]; *Evangelinos v Reifschneider*, 241 AD2d 508, 509 [1997]). Here, the defendant failed to show that a continuance would produce evidence that was material to the issue of the value of the legal services rendered by Post or that her requests for a continuance were not the result of her successor counsel's failure to exercise due diligence in preparing for the hearing. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant's applications for a continuance of the hearing.

Under the circumstances of this case, the maintenance award should be increased to the extent indicated herein.

The defendant's remaining contentions are without merit.

Motion by the plaintiff on appeals from a judgment of the Supreme Court, Westchester County, dated March 25, 2005, and an order of the same court dated June 13, 2005, inter alia, to strike the record and the appellant's brief on the ground that they contain or refer to matter dehors the record, and separate

motion by the plaintiff, inter alia, to strike the appellant's reply brief on the ground that it refers to matter dehors the record. By decisions and orders on motion of this Court dated May 9, 2006, and June 26, 2006, respectively, the motions were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motions are denied. Goldstein, J.P., Skelos, Dillon and Covello, JJ., concur.