■ DECATUR (2004) REALTY, LLC, et al., Appellants, v MIRIAM CRUZ, Respondent. [901 NYS2d 368]—

In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), entered May 13, 2009, which, after a nonjury trial, and upon a decision of the same court dated December 5, 2007, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

By contract of sale signed on September 21, 2004 (hereinafter the contract), the plaintiff Decatur (2004) Realty, LLC (hereinafter Decatur), agreed to purchase property located at 1048 Decatur Street in Brooklyn (hereinafter the property) from the defendant. Thereafter, as permitted by the contract, Decatur assigned "all of its right, title, and interest" in the contract to the plaintiff Brooklyn Decatur, LLC (hereinafter Brooklyn). The contract provided, inter alia, that the closing was to take place at 10 A.M. on or about December 15, 2004.

The closing did not occur on December 15, 2004. Thereafter, by letter dated December 15, 2004, the defendant's attorney notified Brooklyn's attorney that the defendant was setting January 14, 2005, as the date for closing and that time was of the essence. Insofar as is relevant, that letter states: "Please be advised that the law date for closing on the . . . contract is January 14, 2005. Unless we have scheduled a firm date for closing of the contract by said date [m]y client will deem said contract null and void and will refund the down payment as per the terms of the contract."

The parties did not close on or before January 14, 2005, and

the parties did not mutually agree to schedule a closing by that date. Thereafter, by letter dated January 20, 2005, the defendant's counsel notified the plaintiffs that the defendant had exercised her contractual right and had canceled the contract. He also returned the down payment. The plaintiffs subsequently commenced this action after unsuccessfully trying to persuade the defendant to close notwithstanding her purported cancellation of the contract. The Supreme Court dismissed the complaint after a nonjury trial. We affirm.

"Where a case is tried without a jury, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses" (*Musick v 330 Wythe Ave. Assoc., LLC*, 41 AD3d 675, 675 [2007]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). When the parties' original contract for the sale of real property does not make time of the essence, one party may make time of the essence by giving proper notice to the other party (*see e.g. Cave v Kollar*, 296 AD2d 370, 371 [2002]; *Savitsky v Sukenik*, 240 AD2d 557, 558 [1997]).

"The notice setting a new date for the closing must (1) give clear, distinct, and unequivocal notice that time is of the essence, (2) give the other party a reasonable time in which to act, and (3) inform the other party that if [it] does not perform by the designated date, [it] will be considered in default" (*Nehmadi v Davis*, 63 AD3d 1125, 1127 [2009]). Contrary to the plaintiffs' contention, the letter of the defendant's counsel dated December 15, 2004, was sufficiently specific to make time of the essence. It notified the plaintiffs that the closing had to take place by January 14, 2005, and if it did not, the contract would be cancelled. It also afforded plaintiffs a reasonable time in which to perform. Since the plaintiffs failed to show that they properly demanded performance of the contract prior to that date, or that their failure to close on or before that date was excusable, the defendant was entitled to cancel the contract (*see Smith v Lynch*, 50 AD3d 881 [2008]; *Weiss v Feldbrand*, 50 AD3d 673, 674 [2008]; *Hand v Field*, 15 AD3d 542, 543-544 [2005]; *Guippone v Gaias*, 13 AD3d 339 [2004]; *Charchan v Wilkins*, 231 AD2d 668, 669 [1996]; *see generally ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 489-490 [2006]; *cf. Cave v Kollar*, 296 AD2d 370 [2002]).

The plaintiffs' remaining contentions either are without merit or need not be reached in light of this determination. Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.