Order, Supreme Court, New York County (Paul Wooten, J.), entered August 2, 2012, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Sprint Communications Company L.E (Sprint) for summary judgment on plaintiffs claims pursuant to Labor Law §§ 240 (1) and 200, sua sponte dismissed plaintiffs common-law claims and claims pursuant to OSHA against Sprint, and sua sponte dismissed plaintiff’s complaint against YL Realty, Inc., unanimously affirmed, without costs.
Plaintiffs Labor Law § 240 (1) claim was properly dismissed. Plaintiff, a superintendent, was injured when he fell off a ladder while feeding a portable AC exhaust tube into a pre-existing duct hole. The work being performed by plaintiff does not qualify as an “alteration” pursuant to the statute (see Labor Law § 240 [1]; see e.g. Arriendola v Rheedlen 125th St., LLC, 105 AD3d 426 [1st Dept 2013]). In any event, liability against defendant Sprint, a lessee of space at the building where plaintiff was employed, cannot be predicated on Labor Law § 240 (1), *539 since it did not contract for the work or have any right to control it (see Ferluckaj v Goldman Sachs & Co., 12 NY3d 316 [2009]).
Plaintiff’s claim pursuant to Labor Law § 200 was also properly dismissed since the alleged defect, excessive heat from Sprint’s equipment, merely furnished the need for a personal air conditioning unit, it did not cause plaintiffs accident (see Escalet v New York City Hous. Auth., 56 AD3d 257 [1st Dept 2008]).
The motion court properly dismissed plaintiffs common-law cause of action against Sprint since it implicated the same issues as his Labor Law § 200 claim (see Hunter v R.J.L. Dev., LLC, 44 AD3d 822, 825 [2d Dept 2007]). Plaintiffs OSHA claims were also properly dismissed since OSHA provides no private right of action (see Donovan v Occupational Safety & Health Review Commn., 713 F2d 918, 926 [2d Cir 1983]; see also Khan v Bangla Motor & Body Shop, Inc., 27 AD3d 526, 528-529 [2d Dept 2006], lv dismissed 7 NY3d 864 [2006]; Gain v Eastern Reinforcing Serv., 193 AD2d 255, 258 [3d Dept 1993]).
Although the court erred in sua sponte dismissing plaintiffs complaint against YL Realty, since issue had not yet been joined as to that defendant (CPLR 3212 [a]; see Pilatich v Town of New Baltimore, 100 AD3d 1248, 1249 [3d Dept 2012]), upon a search of the record, we dismiss the complaint against YL Realty pursuant to CPLR 3215 (c) on the ground that it has been abandoned.
Concur—Mazzarelli, J.P., Andrias, DeGrasse, Manzanet-Daniels and Feinman, JJ.