■ MATIAS RIOS, an Infant, by His Father and Natural Guardian, JUAN CARLOS RIOS, et al., Appellants, v TINY GIANTS DAYCARE, INC., et al., Defendants, and JOSE DONE, Respondent. [22 NYS3d 890]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Gavrin, J.), entered July 15, 2015, which granted the defendant Jose Done's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether, from the four corners of the complaint, "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643, 649 [2011]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]; *McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660, 661-662 [2005]). Although the pleading is to be afforded a liberal construction on a motion to dismiss pursuant to CPLR 3211 (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the allegations in a complaint cannot be vague and conclusory (*see Stoianoff v Gahona*, 248 AD2d 525, 526 [1998]), and "[b]are legal conclusions" will not suffice (*Baron v Galasso*, 83 AD3d 626, 628 [2011]; *see Riback v Margulis*, 43 AD3d 1023 [2007]). Here, the Supreme Court properly granted the defendant Jose Done's motion to dismiss the amended complaint insofar as asserted against him on the ground that the conclusory allegations therein were insufficient to state a cause of action against him. Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.