# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**217**
**CA 14-01690**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

REGINALD MCFADDEN, PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, MARCUS
MASTROCCO, DEPUTY SOLICITOR GENERAL, AND ANTHONY J.
ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,
DEFENDANTS-RESPONDENTS.

---

REGINALD MCFADDEN, PLAINTIFF-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered August 22, 2014.  The order, among
other things, granted defendants' cross motion to dismiss the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff appeals from an order that denied his
motion seeking a default judgment on his complaint seeking declaratory
relief (*see* CPLR 3215 [a]), and granted defendants' cross motion
pursuant to CPLR 3211 (a) (7) seeking to dismiss the complaint for
failure to state a cause of action.  Contrary to plaintiff's
contention, Supreme Court did not exceed its authority or otherwise
err in denying his motion for a default judgment inasmuch as plaintiff
failed to establish that he effected service of the summons and
complaint on defendants pursuant to CPLR 312-a (a) through (d), as
required by CPLR 3215 (f) (*see Klein v Educational Loan Servicing,
LLC*, 71 AD3d 957, 958).  In any event, " '[a] default judgment in a
declaratory judgment action will not be granted on the default and
pleadings alone for it is necessary that plaintiff[] establish a right
to a declaration' and, here, plaintiff[] did not establish [his]
entitlement to the declaration sought" (*Dole Food Co., Inc. v Lincoln
Gen. Ins. Co.*, 66 AD3d 1493, 1494).

We reject plaintiff's further contention that the court erred in
granting defendants' cross motion to dismiss the complaint for failure
to state a cause of action.  It is well established that, "[i]n
assessing a motion under CPLR 3211 (a) (7), . . . 'the criterion is

whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88). "Although the pleading is to be afforded a liberal construction on a motion to dismiss pursuant to CPLR 3211 . . . , the allegations in a complaint cannot be vague and conclusory . . . , and '[b]are legal conclusions' will not suffice" (*Rios v Tiny Giants Daycare, Inc.*, 135 AD3d 845, ___; *see Williams v Maddi*, 306 AD2d 852, 852-853, *lv denied* 100 NY2d 516, *cert denied* 541 US 960).  We conclude that the allegations contained in the complaint are vague and conclusory and do not allege a justiciable controversy, i.e., "a substantial legal controversy between the parties that may be resolved by a declaration of the parties' legal rights" (*Rice v Cayuga-Onondaga Healthcare Plan*, 190 AD2d 330, 333), or any other valid cause of action for which relief may be granted.

Entered:  March 18, 2016                          Frances E. Cafarell
                                                  Clerk of the Court