Appeal from an order of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered August 22, 2014. The order, among other things, granted defendants’ cross motion to dismiss the complaint.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order that denied his motion seeking a default judgment on his complaint seeking declaratory relief (see CPLR 3215 [a]), and granted defendants’ cross motion pursuant to CPLR 3211 (a) (7) seeking to dismiss the complaint for failure to state a cause of action. Contrary to plaintiff’s contention, Supreme Court did not exceed its authority or otherwise err in denying his motion for a default judgment inasmuch as plaintiff failed to establish that he effected service of the summons and complaint on defendants pursuant to CPLR 312-a (a) through (d), as required by CPLR 3215 (f) (see Klein v Educational Loan Servicing, LLC, 71 AD3d 957, 958 [2010]). In any event, “ ‘[a] default judgment in a declaratory judgment action will not be granted *1619 on the default and pleadings alone for it is necessary that plaintiff! ] establish a right to a declaration’ and, here, plaintiff! ] did not establish [his] entitlement to the declaration sought” (Dole Food Co., Inc. v Lincoln Gen. Ins. Co., 66 AD3d 1493, 1494 [2009]).
We reject plaintiff’s further contention that the court erred in granting defendants’ cross motion to dismiss the complaint for failure to state a cause of action. It is well established that, “[i]n assessing a motion under CPLR 3211 (a) (7), . . . ‘the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one’ ” (Leon v Martinez, 84 NY2d 83, 88 [1994]). “Although the pleading is to be afforded a liberal construction on a motion to dismiss pursuant to CPLR 3211 . . . , the allegations in a complaint cannot be vague and conclusory . . . , and ‘[b]are legal conclusions’ will not suffice” (Rios v Tiny Giants Daycare, Inc., 135 AD3d 845, 845 [2016]; see Williams v Maddi, 306 AD2d 852, 852-853 [2003], lv denied 100 NY2d 516 [2003], cert denied 541 US 960 [2004]). We conclude that the allegations contained in the complaint are vague and conclusory and do not allege a justiciable controversy, i.e., “a substantial legal controversy between the parties that may be resolved by a declaration of the parties’ legal rights” (Rice v Cayuga-Onondaga Healthcare Plan, 190 AD2d 330, 333 [1993]), or any other valid cause of action for which relief may be granted.
Present—Smith, J.P., Peradotto, Nemoyer, Curran and Scudder, JJ.