# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**43**

**CA 16-01297**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

DIANE CHOROMANSKIS AND JOHN CHOROMANSKIS,
PLAINTIFFS-RESPONDENTS,

V                                           MEMORANDUM AND ORDER

CHESTNUT HOMEOWNERS ASSOCIATION, INC., BOARD OF
DIRECTORS OF CHESTNUT HOMEOWNERS ASSOCIATION, INC.,
JOE MONTAGNA, DAVID PULTORAK AND THOMAS MYERS,
DEFENDANTS-APPELLANTS.

---

PANZARELLA & COIA, P.C., ROCHESTER (RICHARD COIA OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LECLAIR KORONA VAHEY COLE LLP, ROCHESTER (LAURIE A. VAHEY OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered September 28, 2015. The order denied defendants' motion to dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the fifth cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs are owners of an individual lot within a townhouse complex, and also members of defendant Chestnut Homeowners Association, Inc. (HOA). They commenced this action seeking, inter alia, monetary damages after defendants made alterations to and/or performed work on a protective berm located in the complex's common area near plaintiffs' lot. In their amended complaint, plaintiffs allege that the alterations to the berm resulted in a loss of seclusion and privacy for their lot, thus lowering its value. Plaintiffs asserted six causes of action, for breach of contract, breach of fiduciary duty, intentional damage of property, negligence, trespass pursuant to RPAPL 861, and an accounting, respectively.

As limited by their brief, defendants contend that Supreme Court erred in denying their motion to dismiss the first through fifth causes of action for failure to state a claim because plaintiffs failed to allege that they suffered damages or an injury (see CPLR 3211 [a] [7]). We reject that contention. In the amended complaint, plaintiffs allege that defendants "negligently, recklessly and/or intentionally razed" the protective berm in violation of the HOA by-

laws as well as its "Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens" (Declaration). Plaintiffs further allege that, as a result of the destruction of the berm, their property "is no longer secluded and protected" and has "decreased in value." Additionally, plaintiffs allege that their "use and enjoyment of their property has been reduced due to the lack of privacy and seclusion."

"It is axiomatic that plaintiff[s'] [amended] complaint is to be afforded a liberal construction, that the facts alleged therein are accepted as true, and that plaintiff[s] [are] to be afforded every possible favorable inference in order to determine whether the facts alleged in the complaint 'fit within any cognizable legal theory' " (*Palladino v CNY Centro, Inc.*, 70 AD3d 1450, 1451, quoting *Leon v Martinez*, 84 NY2d 83, 87-88). The allegations in a complaint, however, "cannot be vague and conclusory . . . , and [b]are legal conclusions will not suffice" (*McFadden v Schneiderman*, 137 AD3d 1618, 1619 [internal quotation marks omitted]). We conclude the factual allegations in the amended complaint as to the damages and/or injury suffered by plaintiffs are sufficient to avoid dismissal of the first five causes of action pursuant to CPLR 3211 (a) (7). We note that whether plaintiffs can "ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19).

We reject defendants' further contention that they are entitled to dismissal of the first five causes of action because they acted within the authority afforded to them pursuant to the by-laws and the Declaration. To the contrary, plaintiffs allege that defendants violated various provisions of the by-laws and the Declaration, and those allegations are not flatly contradicted by the evidence in the record (*see Matter of Niagara County v Power Auth. of State of N.Y.*, 82 AD3d 1597, 1599, *lv dismissed in part and denied in part* 17 NY3d 838), vague and conclusory, or bare legal conclusions (*see Rios v Tiny Giants Daycare, Inc.*, 135 AD3d 845, 845). Plaintiffs' allegations are thus deemed to be true for purposes of defendants' motion to dismiss (*see Leon*, 84 NY2d at 87-88).

Notwithstanding the above conclusions, we agree with defendants that the court erred in denying the motion to dismiss with respect to the fifth cause of action, which alleges a claim for trespass pursuant to RPAPL 861, and we therefore modify the order accordingly. That section "applies to any person who[,] without the consent of the owner thereof, cuts, removes, injures or destroys, or causes to be cut, removed, injured or destroyed, any underwood, tree or timber on the land of another . . . or damages the land in the course thereof" (*Vanderwerken v Bellinger*, 72 AD3d 1473, 1474 [internal quotation marks omitted]; *see Matter of Svenson [Swegan]*, 133 AD3d 1279, 1281). Although plaintiffs' allegations of damages and/or injury to their own lot are sufficient to avoid the dismissal of the first four causes of action, their RPAPL 861 cause of action is distinguishable because it is necessarily premised on the damage to the complex's common area itself, which is owned by the HOA. The " 'remedy created by RPAPL 861 extends only to the actual owner of the property allegedly harmed' "

(*Shute v McLusky* [appeal No. 2], 96 AD3d 1360, 1362; *see Cornick v Forever Wild Dev. Corp.*, 240 AD2d 980, 980). Although plaintiffs are members of the HOA, they nevertheless lack standing to sue in their individual capacities for damage to the complex's common areas (*see Davis v Prestige Mgt. Inc.*, 98 AD3d 909, 910).

Entered:  February 10, 2017                                    Frances E. Cafarell
                                                              Clerk of the Court