Medical Care of W. N.Y. v Allstate Ins. Co. (2019 NY Slip Op 06243)





Medical Care of W. N.Y. v Allstate Ins. Co.


2019 NY Slip Op 06243


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


261 CA 18-01209

[*1]MEDICAL CARE OF WESTERN NEW YORK, PLAINTIFF-RESPONDENT,
v
ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT. 






HURWITZ & FINE, P.C., BUFFALO (JERRY MARTI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE MORRIS LAW FIRM, P.C., BUFFALO (DANIEL K. MORRIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 1, 2017. The order denied defendant's motion to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint is dismissed.
Memorandum: Plaintiff, as the assignee of claims for no-fault benefits of individuals who had received health care services from plaintiff for injuries sustained in motor vehicle accidents, commenced this action against defendant, the issuer of the assignors' no-fault policies. In its amended complaint, plaintiff alleged, inter alia, that defendant violated the no-fault regulations by requesting verifications and examinations under oath and delaying the payment of claims for treatment rendered by plaintiff to the assignors. Although the no-fault claims were adjudicated and paid by defendant after arbitration, plaintiff sought further damages from defendant for the manner in which those claims were processed. Prior to serving its answer, defendant moved to dismiss the amended complaint on, inter alia, the ground that it failed to state a cause of action upon which relief could be granted (see CPLR 3211 [a] [7]). Supreme Court denied the motion, and we reverse.
On a CPLR 3211 (a) (7) motion to dismiss, "[w]e accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Hall v McDonald's Corp., 159 AD3d 1591, 1592 [4th Dept 2018]). "The allegations in a complaint, however, cannot be vague and conclusory . . . , and [b]are legal conclusions will not suffice' " (Choromanskis v Chestnut Homeowners Assn., Inc., 147 AD3d 1477, 1478 [4th Dept 2017]; see Simkin v Blank, 19 NY3d 46, 52 [2012]).
We agree with defendant that the court erred in denying the motion with respect to the breach of contract cause of action. The amended complaint alleged that defendant and plaintiff "were parties to the applicable insurance contracts by way of the [a]ssignments of [b]enefits" and that "[t]he underlying verification requests, examinations under oath, and subsequent non-payment of bills by . . . [d]efendant represent a breach of contract." The amended complaint, however, failed to identify the specific insurance contracts that plaintiff had performed services under or the contract provisions that defendant allegedly breached. Inasmuch as bare legal conclusions without factual support are insufficient to withstand a motion to dismiss, we conclude that the amended complaint fails to state a cause of action for breach of contract. Additionally, we note that plaintiff conceded in its respondent's brief that "[d]efendant[] did not fail to perform their obligations under the contract[s]" and that "the contracts have specific [*2]remedies available to plaintiff . . . , and all such remedies have already been applied" (see generally Non-Instruction Adm'rs & Supervisors Retirees Assn. v School Dist. of City of Niagara Falls, 118 AD3d 1280, 1283 [4th Dept 2014]).
With respect to the cause of action for negligent hiring, supervision, or retention, the amended complaint alleged that defendant's employees delayed the payment of plaintiff's claims and sent plaintiff requests for verification and examinations under oath, that defendant was aware of its employees' propensity to commit those acts, and that defendant nevertheless continued to employ them. Although "[a]n employer may be liable for a claim of negligent hiring or supervision if an employee commits an independent act of negligence outside the scope of employment and the employer was aware of, or reasonably should have foreseen, the employee's propensity to commit such an act" (Lamb v Stephen M. Baker, O.D., P.C., 152 AD3d 1230, 1231 [4th Dept 2017] [internal quotation marks omitted]), the amended complaint failed to allege that the acts of defendant's employees were committed independent of defendant's instruction or outside the scope of employment (see id.). The amended complaint also failed to allege how the employees' purported acts of sending requests for verification and examinations under oath constituted acts of negligence. We therefore conclude that the court erred in denying defendant's motion with respect to the cause of action for negligent hiring, supervision, or retention.
We also agree with defendant that the amended complaint failed to allege facts sufficient to state a cause of action for prima facie tort (see generally Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). "There can be no recovery [for prima facie tort] unless a disinterested malevolence to injure [a] plaintiff constitutes the sole motivation for [the] defendant['s] otherwise lawful act" (Backus v Planned Parenthood of Finger Lakes, 161 AD2d 1116, 1117 [4th Dept 1990] [internal quotation marks omitted]). Here, the amended complaint alleged that defendant acted in "bad faith" and intentionally caused harm to plaintiff by requesting verifications and examinations under oath. Those conclusory allegations, however, failed to state that defendant had " a malicious [motive] unmixed with any other and exclusively directed to [the] injury and damage of [plaintiff]' " (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]). Furthermore, it is "[a] critical element of [a prima facie tort] cause of action . . . that plaintiff suffered specific and measurable loss" (Freihofer, 65 NY2d at 143; see Lincoln First Bank of Rochester v Siegel, 60 AD2d 270, 279-280 [4th Dept 1977]). Here, the injuries alleged in the amended complaint, i.e., delayed payment of claims resulting in a "reduced cash flow," are "couched in broad and conclusory terms" (Lincoln First Bank of Rochester, 60 AD2d at 280), and do not constitute "specific and measurable loss" (Freihofer, 65 NY2d at 143; cf. S.E. Nichols, Inc. v Grossman [appeal No. 1], 50 AD2d 1086, 1086 [4th Dept 1975]). Thus, the court erred in denying the motion with respect to the prima facie tort cause of action.
Finally, as conceded by plaintiff's counsel at oral argument of this appeal before this Court, defendant is entitled to dismissal of the remaining causes of action asserted in the amended complaint.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court