Sikorsky v City of Newburgh, N.Y. (2020 NY Slip Op 06822)





Sikorsky v City of Newburgh, N.Y.


2020 NY Slip Op 06822


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-08160
 (Index No. 7194/17)

[*1]Kenneth M. Sikorsky, etc., appellant,
v
City of Newburgh, New York, et al., respondents.


Blanchard & Wilson, LLP, White Plains, NY (Dennis E. A. Lynch of counsel), for appellant.
Hodges, Walsh, Messemer & Burke, LLP, White Plains, NY (Paul E. Svensson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory and equitable relief, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated July 2, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the 1st through 6th, 8th through 11th, and 13th causes of action in the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the City of Newburgh and unnamed officials (hereinafter collectively the City), asserting various causes of action arising out of the City's foreclosure of a tax lien on his former premises, and the City's subsequent cancellation of his contract of sale to repurchase the property.
A default judgment of foreclosure had been issued on October 2, 2012, and the City thereafter took ownership of the subject premises by referee's deed. In March 2013, the plaintiff's counsel sent the City a proposal to repurchase the property. In June 2014, the plaintiff and the City executed a contract of sale whereby the plaintiff would repurchase the property for the total sum of his past due tax liens, together with interest and penalties accruing thereon. After a downpayment, the balance of the purchase price was due in eight quarterly installments, the last payment due no later than July 31, 2016. The plaintiff failed to timely make the last payment. On January 6, 2017, the City declared time of the essence and scheduled a closing for "Friday, February 10." The plaintiff failed to appear at the closing and, by letter dated March 2, 2017, the City cancelled the contract. The plaintiff thereafter submitted a request that the contract be reinstated and, if necessary, re-submitted to the City Counsel, and a closing be scheduled. The City denied his request.
In the amended complaint, the plaintiff asserted various causes of action challenging the City's process for reducing tax assessments, the underlying tax foreclosure proceedings and the City's cancellation of the contract of sale. He sought, inter alia, specific performance of the contract [*2]of sale and damages pursuant to 42 USC § 1983 and the Americans with Disabilities Act (hereinafter the ADA). The City moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated July 2, 2018, the Supreme Court granted that branch of the City's motion as to all causes of action except the 12th cause of action. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Everett v Eastchester Police Dept., 127 AD3d 1131, 1132 [internal quotation marks omitted]; see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, LLP, 96 NY2d 300, 303). If the court considers evidentiary material, the criterion then becomes "whether the proponent of the pleading has a cause of action, not whether he has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Ifantides v Wisniewski, 181 AD3d 575).
Here, we agree with the Supreme Court's determination that the amended complaint failed to state a cause of action arising out of the underlying tax foreclosure or the City's cancellation of the contract of sale. The plaintiff waived any challenge to the underlying default judgment of foreclosure by entering into the contract of sale, which acknowledged that the City had acquired title to the premises and all known rights of redemption had been extinguished, and by making payments thereon (see Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 715; Augustin v Augustin, 79 AD3d 651, 652; Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d 452, 453). Accordingly, dismissal of the fifth and sixth causes of action, which sought declarations that the City waived and was estopped from arguing that the plaintiff no longer had any right of redemption for the premises, was warranted. Further, in addition to being untimely (see CPLR 215[6]), that portion of the first cause of action which challenged the interest and penalties subsumed in the purchase price of the contract of sale as unlawful to those in military service was, in effect, a challenge to the underlying tax lien, which claim was likewise waived (see Military Law § 314[4][a]).
"When the parties' original contract for the sale of real property does not make time of the essence, one party may make time of the essence by giving proper notice to the other party"
(Decatur [2004] Realty, LLC v Cruz, 73 AD3d 970, 971; see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490). Here, the City's January 6, 2017 notice was sufficiently specific to make time of the essence in that it (1) gave clear, distinct, and unequivocal notice that time was of the essence; (2) gave the plaintiff a reasonable time in which to act; and (3) informed the plaintiff that if he did not perform by the designated date, he would be considered in default (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d at 490; Decatur [2004] Realty, LLC v Cruz, 73 AD3d at 971). Since the plaintiff failed to appear at the closing, the City was entitled to cancel the contract of sale, and the plaintiff failed to state a cause of action to declare the time of the essence demand unenforceable or to obtain specific performance of the contract of sale (see Brickstone Group, Ltd. v Randall, 172 AD3d 671, 672; Decatur [2004] Realty, LLC v Cruz, 73 AD3d at 971; Johnson v Phelan, 281 AD2d 394, 395). Further, the City's conduct in declaring time of the essence and then cancelling the contract upon the plaintiff's default was not "egregious or arbitrary government conduct" which was without legal justification and motivated entirely by political concerns, so as to support a cause of action pursuant to 42 USC § 1983 based on alleged violations of the plaintiff's property or due process rights (Cuyahoga Falls v Buckeye Community Hope Foundation, 538 US 188, 198; see Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627-628; Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192, 201). The plaintiff's conclusory allegation that the City's actions effectively chilled the exercise of his right to free speech was insufficient to state a cause of action (see Aristy-Farer v State of New York, 29 NY3d 501, 516; Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d at 205; Curley v Village of Suffern, 268 F3d 65, 73 [2d Cir]). The plaintiff also failed to sufficiently plead that the City's actions constituted an equal protection violation (see Weslowski v Zugibe, 167 AD3d 972, 975). Accordingly, we agree with the Supreme Court's determination to direct dismissal of the 2nd, 3rd, 4th, 8th, 9th, 11th, and 13th causes of action.
In order to plead a violation of Title II of the ADA, a plaintiff must allege that (1) he or she is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) he or she was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or otherwise discriminated against by defendants, by reason of [his or] her disabilit[y]" (Henrietta D. v Bloomberg, 331 F3d 261, 272 [2nd Cir]; see 42 USC § 12132). In the failure to accommodate context, a plaintiff must plead facts to establish that, due to the failure to accommodate, he or she "'as a practical matter' was denied 'meaningful access' to services, programs or activities to which he or she was 'legally entitled'" (Wright v New York State Dept. of Corr. & Cmty. Supervision, 831 F3d 64, 72 [2d Cir], quoting Henrietta D. v Bloomberg, 331 F3d at 273; see 42 USC § 12112[b][5][A]; Surlock v New York State Office for People with Dev. Disabilities, 717 Fed Appx 100, 101 [2d Cir]). Here, the plaintiff's vague and conclusory allegations that he was disabled within the meaning of the ADA, and that his disability prevented him from participating in programs to reduce his property taxes, were insufficient to state a cause of action under the ADA (see Godfrey v Spano, 13 NY3d 358, 373; Rios v Tiny Giants Daycare, Inc., 135 AD3d 845, 845). Moreover, the plaintiff failed to allege that the City was aware of his disability, what reasonable accommodation should have been made to the City's tax procedures, or that the City denied his request to reinstate the contract of sale after its cancellation "by reason of [his] disability" (42 USC § 12132; see 42 USC § 12112[b][5][A]). The amended complaint also failed to specify how the City's policies and procedures for tax reductions had a discriminatory effect on members of the military or disabled persons, and therefore failed to state a cause of action that the City's procedures constituted an equal protection violation (see Rios v Tiny Giants Daycare, Inc., 135 AD3d at 845). Accordingly, we agree with the Supreme Court's determination directing dismissal of the 10th cause of action and so much of the 1st cause of action as alleged that the City's procedures constituted an equal protection violation.
CHAMBERS, J.P., COHEN, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court