U.S. Bank N.A. v Seepersaud (2022 NY Slip Op 04321)

U.S. Bank N.A. v Seepersaud

2022 NY Slip Op 04321

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-12505
 (Index No. 7010/16)

[*1]U.S. Bank National Association, respondent,
v
Ravi Seepersaud, appellant, et al., defendants.

Genevieve Lane Lopresti, Seaford, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ravi Seepersaud appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 7, 2019. The order denied the defendant's motion to restore the action to the mortgage foreclosure settlement conference part calendar.
ORDERED that the order is affirmed, with costs.
The defendant Ravi Seepersaud (hereinafter the defendant) executed a note in which he agreed to repay the principal sum of $498,750. The note was secured by a mortgage on certain real property located in Nassau County. In September 2016, the plaintiff commenced this foreclosure action following the defendant's alleged default under the terms of the mortgage and note. After the defendant interposed an answer, the parties appeared at settlement conferences, but were unsuccessful in negotiating a loan modification, and in April 2017, the action was released from the mortgage foreclosure settlement conference part. Subsequently, in an order entered October 25, 2018, inter alia, the plaintiff was awarded summary judgment on the complaint.
Thereafter, the defendant moved to restore the matter to the mortgage foreclosure settlement conference part, alleging, among other things, that his inability to pay the mortgage was due to a disability, and that he was entitled to renewed loan modification negotiations pursuant to the Americans with Disabilities Act (42 USC § 12101 et seq. [hereinafter the ADA]). The plaintiff opposed the motion. In the order appealed from, the Supreme Court denied the motion. The defendant appeals.
Contrary to the defendant's contention, the ADA did not obligate the Supreme Court to return the action to the mortgage foreclosure settlement conference part. The defendant failed to submit sufficient evidence in support of his claim that he was disabled, and there was no proof that the defendant, in the course of prior settlement negotiations, alerted either the plaintiff or the court to his alleged disability (see generally Sikorsky v City of Newburgh, N.Y., 188 AD3d 1112, 1115; Kadanoff v Kadanoff, 46 AD3d 626, 627). Even assuming that the alleged disability was generally known, there was no allegation by the defendant, let alone proof, that the defendant requested, or was denied, reasonable accommodations during the prior settlement negotiations (see generally Matter [*2]of Solomon v Fishman, 162 AD3d 1052, 1053; Kadanoff v Kadanoff, 46 AD3d at 627), or that prior negotiations had failed "by reason of [his] disability" (Sikorsky v City of Newburgh, 188 AD3d at 1115 [internal quotation marks omitted]).
The defendant's contention that the plaintiff failed to act in good faith in contravention of CPLR 3408(f), raised for the first time on appeal, is not properly before this Court (see generally Bank of N.Y. Trust Co., N.A. v Chiejina, 142 AD3d 570, 571)
The defendant's remaining contentions regarding the award of summary judgment to the plaintiff are not properly before the Court, as the defendant did not file a notice of appeal from the October 25, 2018 order granting the plaintiff's motion, inter alia, for summary judgment on the complaint (see CPLR 5513, 5515; Studer v Newpointe Estates Condominium, 152 AD3d 555, 558).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court