Hector-Ellis v Mount Sinai Hosp. (2025 NY Slip Op 05673)

Hector-Ellis v Mount Sinai Hosp.

2025 NY Slip Op 05673

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.

PAUL WOOTEN

LAURENCE L. LOVE

PHILLIP HOM, JJ.

2022-10088

(Index No. 1540/21)

[*1]Theresa Hector-Ellis, appellant,

v

Mount Sinai Hospital, et al., respondents.

Theresa Hector-Ellis, Queens, NY, appellant pro se.

Akerman LLP, New York, NY (Rory J. McEvoy and M. Adil Yaqoob of counsel), for respondent Mount Sinai Hospital.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Mark S. Grube of counsel), for respondent New York State.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Karin Wolfe of counsel), for respondent New York City Mayor's Office.

In a hybrid proceeding, in effect, pursuant to CPLR article 78 to enjoin the respondents/defendants New York State and New York City Mayor's Office from issuing and enforcing certain COVID-19 vaccination mandates and action, inter alia, to direct Mount Sinai Hospital to reinstate the petitioner/plaintiff to her prior position of employment, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated September 29, 2022. The order and judgment denied the petitioner/plaintiff's motion, inter alia, for preliminary injunctive relief, granted the separate cross-motions of the respondents/defendants New York City Mayor's Office and Mount Sinai Hospital pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them, and, in effect, sua sponte, dismissed the petition/complaint insofar as asserted against the respondent/defendant New York State.

DECISION & ORDER

Motion by the respondent/defendant New York State, inter alia, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated January 22, 2024, that branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

ORDERED that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is granted to the extent that the appeal is dismissed from so much of the order as denied the petitioner/plaintiff's motion, inter alia, for preliminary injunctive relief insofar as asserted against the respondents/defendants New York City Mayor's Office and New [*2]York State, granted the cross-motion of the respondent/defendant New York City Mayor's Office to dismiss the petition/complaint insofar as asserted against it, and, in effect, sua sponte, dismissed the petition/complaint insofar as asserted against the respondent/defendant New York State; and it is further,

ORDERED that the order is affirmed insofar as reviewed; and it is further,

ORDERED that one bill of costs is awarded to the respondent/defendant Mount Sinai Hospital, payable by the petitioner/plaintiff.

On December 6, 2021, the petitioner/plaintiff Theresa Hector-Ellis (hereinafter the petitioner) was terminated from her employment with the respondent/defendant Mount Sinai Hospital (hereinafter the hospital) due to her refusal to receive a COVID-19 vaccination as then required under 10 NYCRR 2.61. The petitioner commenced this hybrid proceeding, in effect, pursuant to CPLR article 78 to enjoin the respondents/defendants New York State and New York City Mayor's Office (hereinafter the Mayor's Office) from issuing and enforcing certain COVID-19 vaccination mandates and action, inter alia, to compel the hospital to reinstate her to her prior position of employment. The petitioner moved, among other things, for preliminary injunctive relief. The hospital and the Mayor's Office separately cross-moved pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them. In an order dated September 29, 2022, the Supreme Court denied the petitioner's motion, granted the separate cross-motions of the hospital and the Mayor's Office, and, in effect, sua sponte, dismissed the petition/complaint insofar as asserted against the State. The petitioner appeals.

"[P]ursuant to the mootness doctrine, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Kennedy v Suffolk County, 211 AD3d 926, 928 [internal quotation marks omitted]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715; Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp., 193 AD3d 723, 724). Thus, a matter is academic "unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 957 [internal quotation marks omitted]). Here, the vaccination mandate under 10 NYCRR 2.61 was repealed on October 4, 2023. Thus, the petitioner's appeal has been rendered academic with respect to her claims against the State and the Mayor's Office (see Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774). Moreover, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the pleading as true, afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Island Ordnance Sys., LLC v Amerimex, Inc., 224 AD3d 821, 822; see Leon v Martinez, 84 NY2d 83, 87-88; Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Moreover, the court may consider affidavits submitted by the pleading party to remedy any defects in the pleading, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Island Ordnance Sys., LLC v Amerimex, Inc., 224 AD3d at 822; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669).

Here, the petition/complaint, even as supplemented by the petitioner's affidavit, failed to state a cause of action against the hospital. Specifically, the petitioner failed to state a cause of action against the hospital predicated on a violation of the Americans with Disabilities Act (ADA), since her vague and conclusory allegations were insufficient to allege that she was disabled within the meaning of the ADA (see Sikorsky v City of Newburgh, N.Y., 188 AD3d 1112, 1115). The petitioner also failed to state a cause of action against the hospital premised upon a violation of Title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e et seq.), since the petitioner failed to allege that the hospital terminated her employment due to a protected characteristic (see Newman v Mountain, 2021 WL 412424, *2, 2021 US Dist LEXIS 22372, *5 [SD NY, 20-CV-6115 (LLS)]). Further, the petitioner failed to state a cause of action against the hospital based upon a violation of [*3]the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (42 USC § 1320d et seq.), as there is no private cause of action under HIPAA (see Meadows v United Services, Inc., 963 F3d 240, 244 [2d Cir]). Similarly, there is no private right of action under the Occupational Safety and Health Act, which the petitioner claims was violated (see Pantovic v YL Realty, Inc., 117 AD3d 538, 539). Moreover, the petitioner failed to state any other actionable claims against the hospital. Accordingly, the Supreme Court properly granted the hospital's cross-motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint insofar as asserted against it for failure to state a cause of action.

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.

BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court