Matter of Pecchia v Neifeld (2025 NY Slip Op 05686)

Matter of Pecchia v Neifeld

2025 NY Slip Op 05686

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-09105
 (Index No. 500954/22)

[*1]In the Matter of Matthew Pecchia, etc., appellant,
v
Kerri Neifeld, as Commissioner of the New York State Office for People with Developmental Disabilities, et al., respondents.

Disability Rights New York (Benjamin W. Taylor, Jessica K. Cochrane, and Vedder Price P.C., New York, NY [Joshua A. Dunn and Taylor A. McCann], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Anagha Sundararajan of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, which was converted into an action, inter alia, to recover damages for a violation of Title II of the Americans with Disabilities Act, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated September 5, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for a violation of Title II of the American with Disabilities Act.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 27, 2022, the plaintiff was arrested and charged with burglary. In an order dated July 27, 2022 (hereinafter the July 2022 order), the Justice Court, Town of Patterson, after a hearing, found that the plaintiff lacked the capacity to stand trial and directed that the plaintiff be committed to the custody of the respondent/defendant Kerri Neifeld (hereinafter the Commissioner), as Commissioner of the New York State Office for People with Developmental Disabilities (hereinafter OPWDD), for placement in an OPWDD facility for care and treatment.
On August 23, 2022, the plaintiff commenced a hybrid proceeding pursuant to CPLR article 78 to compel the Commissioner to immediately place the plaintiff in an OPWDD facility for care and treatment and action, among other things, to recover damages for a violation of Title II of the Americans with Disabilities Act (ADA) (42 USC § 12132 et seq.). In an order dated August 26, 2022, the Supreme Court, inter alia, directed the Commissioner to provide the plaintiff with care and services in an appropriate facility no later than 5:00 p.m. on August 29, 2022, and the Commissioner complied with the directive.
In an order dated February 23, 2023, the Supreme Court, among other things, converted the hybrid proceeding and action into an action to recover damages and granted the plaintiff leave to file an amended complaint. In April 2023, the plaintiff filed an amended complaint [*2]against the defendants, inter alia, to recover damages for a violation of Title II of the ADA, alleging that the defendants engaged in discriminatory segregation by reason of his disability by failing to place the plaintiff in an OPWDD facility before August 29, 2022, despite the July 2022 order committing the plaintiff to the Commissioner's custody for placement in an OPWDD facility for care and treatment. Thus, the plaintiff alleged that the defendants failed to meet their obligation to enable the plaintiff to receive services in the most integrated setting by causing him to remain without placement in an OPWDD facility for 33 days after the issuance of the July 2022 order.
The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for a violation of Title II of the ADA. In an order dated September 5, 2023, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity'" (Tardif v City of New York, 991 F3d 394, 403 [2d Cir], quoting 42 USC § 12132). "In order to plead a violation of Title II of the ADA, a plaintiff must allege that (1) he or she is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) he or she was 'denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or otherwise discriminated against by [the] defendants, by reason of [his or] her disabilit[y]'" (Sikorsky v City of Newburgh, N.Y., 188 AD3d 1112, 1115, quoting Henrietta D. v Bloomberg, 331 F3d 261, 272 [2d Cir]). Moreover, "[u]njustified isolation . . . is properly regarded as discrimination based on disability" (Olmstead v L.C., 527 US 581, 597).
"When deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Popal v DiLorenzo, 231 AD3d 1067, 1068 [internal quotation marks omitted]). Here, accepting the plaintiff's allegations as true and according him the benefit of every possible favorable inference, the plaintiff failed to allege facts showing that he was denied the opportunity to participate in or benefit from the defendants' services, programs, or activities or was otherwise discriminated against by the defendants by reason of his disability (see Winters v Arkansas Dept. of Health & Human Servs., 491 F3d 933, 937 [8th Cir]; cf. Olmstead v L.C., 527 US at 603).
Moreover, the plaintiff's allegations were insufficient to support a cause of action to recover damages for a violation of Title II of the ADA under either the standard of "discriminatory animus or ill will due to disability" (Garcia v S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F3d 98, 112 [2d Cir]) or the standard of "deliberate indifference" (Koon v North Carolina, 50 F4th 398, 404-405 [4th Cir]). Contrary to the plaintiff's contention, the defendants' alleged knowledge of the plaintiff's condition was insufficient to maintain a cause of action to recover damages for a violation of Title II of the ADA (see Koon v North Carolina, 50 F4th at 404-405; Garcia v S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F3d at 112).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for a violation of Title II of the ADA.
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court