■ MICHAEL BUXBAUM, Respondent, v NADINE CASTRO, Appellant. [960 NYS2d 919]—

In an action, inter alia, to recover damages for defamation and breach of confidentiality between psychologist and patient, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered May 22, 2012, as denied that branch of her motion which was to dismiss the second and third causes of action pursuant to CPLR 3211 (a).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the second and third causes of action is granted.

The Supreme Court should have granted that branch of the defendant's motion which was to dismiss the second cause of action pursuant to CPLR 3211 (a) (7), since the allegations contained therein "wholly fail to comply with the specificity requirements for pleading a cause of action in defamation, as they do not . . . provide the time, place and manner of the purported defamation" (*Buffolino v Long Is. Sav. Bank*, 126 AD2d 508, 510 [1987] [citations omitted]; *see* CPLR 3016 [a]; *Mañas v VMS Assoc., LLC*, 53 AD3d 451, 455 [2008]). Furthermore, the statement allegedly made by the defendant that "Michael [i.e., the plaintiff] was the problem" constitutes a nonactionable opinion (*see Colantonio v Mercy Med. Ctr.*, 73 AD3d 966, 968 [2010]).

The Supreme Court also should have granted that branch of the defendant's motion which was to dismiss the third cause of action, which alleged a breach of the psychologist/patient privilege, pursuant to CPLR 3211 (a) (7). The allegations contained in the third cause of action are not "sufficiently particular to give the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved" (CPLR 3013). Moreover, the complaint alleges that the plaintiff had signed a release for the defendant to speak to and share all notes and information with a court-appointed forensic examiner, but fails to allege how that the defendant's

purported statements were not within the scope of that release (*cf. S.M.F. v SLS Residential, Inc.*, 72 AD3d 1014 [2010]).

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Hall, Lott and Roman, JJ., concur.