Kimso Apts., LLC v Rivera (2020 NY Slip Op 01338)





Kimso Apts., LLC v Rivera


2020 NY Slip Op 01338


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-03965
 (Index No. 151044/17)

[*1]Kimso Apartments, LLC, et al., respondents,
v
Dulcemaria Rivera, et al., appellants.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY (Gregory F. Laufer, Jeremy A. Benjamin, Victor J. Pinedo, and Benjamin Z. Bergmann of counsel), for appellants.
Robert Prignoli, Staten Island, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation and tortious interference with contract, the defendants appeal from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated March 8, 2018. The order, insofar as appealed from, upon reargument, adhered to so much of a prior determination in an order of the same court dated January 9, 2018, as denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for defamation and tortious interference with contract.
ORDERED that the order dated March 8, 2018, is reversed insofar as appealed from, on the law, with costs, upon reargument, so much of the determination in the order dated January 9, 2018, as denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for defamation and tortious interference with contract is vacated, and those branches of the defendants' motion are granted.
The plaintiffs are the owners of certain apartment buildings located in Staten Island. They commenced this action, inter alia, to recover damages for defamation and tortious interference with contract against the defendant Make the Road New York, Inc. (hereinafter MRNY), a not-for-profit tenant advocacy organization, and two employees of MRNY. In an order dated March 8, 2018, the Supreme Court, upon granting reargument, inter alia, adhered to a prior determination denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for defamation and tortious interference with contract. The defendants appeal.
"When assessing the adequacy of a complaint in light of a CPLR 3211(a)(7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . the benefit of every possible favorable inference'" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591, quoting Leon v Martinez, 84 NY2d 83, 87). A court must "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88; see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Starr Indem. & Liab. Co. v Global Warranty Group, LLC, 165 AD3d 1308, 1309).
" The elements of a cause of action [alleging] defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se'" (Stone v Bloomberg L.P., 163 AD3d 1028, 1029, quoting Greenberg v Spitzer, 155 AD3d 27, 41). In a defamation action, "[t]he complaint must set forth the particular words allegedly constituting defamation, and it must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Epifani v Johnson, 65 AD3d 224, 233 [citation omitted]; see CPLR 3016[a]; Buxbaum v Castro, 104 AD3d 895; Dillon v City of New York, 261 AD2d 34, 38).
Here, the amended complaint failed to set forth the elements of a viable defamation cause of action, as it does not allege the particular defamatory words, the dates of the alleged statements, or the persons to whom the statements were allegedly published (see CSI Group, LLP v Harper, 153 AD3d 1314, 1320; Lemieux v Fox, 135 AD3d 713, 714; Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d 496, 497; Gill v Pathmark Stores, 237 AD2d 563, 564). In addition, the defamation cause of action is untimely to the extent that it is premised upon alleged defamatory statements made more than one year prior to the commencement of the action (see CPLR 215[3]; Arvanitakis v Lester, 145 AD3d 650, 651; Melious v Besignano, 125 AD3d 727, 728).
The amended complaint also failed to state a cause of action sounding in tortious interference with contract. The elements of tortious interference with a contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Nero v Fiore, 165 AD3d 823, 825; Pacific Carlton Dev. Corp. v 752 Pac., LLC, 62 AD3d 677, 679). The plaintiff must also establish that the defendant intentionally procured the breach of contract "without justification" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036). "Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract [cause of action], a plaintiff must support his [or her cause of action] with more than mere speculation" (Burrowes v Combs, 25 AD3d 370, 373; see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036; R.I. Is. House, LLC v North Town Phase II Houses, Inc., 51 AD3d 890, 895-896).
Here, the amended complaint failed to sufficiently allege specific conduct by the defendants intended to induce a breach of the underlying leases (see 31 Cornelia Props. Corp. v Lemma, 136 AD3d 584, 585; Nagan Constr., Inc. v Monsignor McClancy Mem. High School, 117 AD3d 1005, 1006; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036; M.J. & K. Co. v Matthew Bender & Co., 220 AD2d 488, 490). In addition, the amended complaint failed to sufficiently allege that the "contract would not have been breached but for the defendant's conduct" (Burrowes v Combs, 25 AD3d at 373 [internal quotation marks omitted]; see White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush, 159 AD3d 939, 941; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036).
Accordingly, upon reargument, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for defamation and tortious interference with contract.
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court