Klein v Deutsch (2021 NY Slip Op 02143)





Klein v Deutsch


2021 NY Slip Op 02143


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03315
 (Index No. 515518/18)

[*1]Zalman Klein, respondent, 
v
Isaac Deutsch, et al., appellants.


Zilberberg Einhorn Karpel, P.C., Brooklyn, NY (Samuel Karpel of counsel), for appellants.
Savad Churgin, LLP, Nanuet, NY (Joseph A. Churgin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated January 11, 2019. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and to disqualify the plaintiff's counsel.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action sounding in fraud, tortious interference with contract, quantum meruit, and unjust enrichment, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2008, the defendant Isaac Deutsch, owner of the defendant Lasertone Corp. (hereinafter Lasertone), entered into two written agreements with the plaintiff, inter alia, to obtain a potential buyer for, and broker the sale of, Lasertone (hereinafter the service agreements). Deutsch also entered into a written agreement with the defendants Moses Friedman and Moses Schlesinger to establish a joint venture with Lasertone and a contingent agreement to acquire a 50% equity in Lasertone (hereinafter the joint venture agreement). Friedman and Schlesinger subsequently formed the defendant Supplytek International, LLC, which, pursuant to the joint venture agreement, became a wholly owned subsidiary of Lasertone. In addition, Deutsch entered into a separate agreement with the plaintiff to purchase all of Deutsch's shares in Lasertone, subject to the joint venture agreement.
In 2018, the plaintiff commenced this action alleging, among other things, that Deutsch breached the service agreements by failing to pay the compensation due to him. The plaintiff asserted, inter alia, causes of action sounding in breach of contract, fraud, tortious interference with contract, quantum meruit, and unjust enrichment. Prior to answering the complaint, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and to disqualify the plaintiff's counsel on the ground of an alleged conflict of interest. In an order dated January 11, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
Contrary to the defendants' contention, the complaint states a cause of action to recover damages for breach of contract (see JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d [*2]802, 803). Further, the defendants failed to establish, prima facie, that the breach of contract cause of action was time-barred. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise a [question] of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Baptiste v Harding-Marin, 88 AD3d 752, 753; see Rakusin v Miano, 84 AD3d 1051, 1052). Here, insofar as there is a factual dispute as to when, if at all, certain triggering events occurred under the provisions of the relevant contracts, the defendants failed to meet their burden in the first instance to establish that the time in which to commence an action alleging breach of contract had expired.
However, the Supreme Court should have directed dismissal of the cause of action sounding in fraud, as the complaint failed to allege justifiable reliance upon a misrepresentation or a material omission of fact, which was false and known to be false by the defendants (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; cf. 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661).
The Supreme Court should have directed dismissal of the cause of action to recover in quantum meruit, since "the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388; D. Gangi Contr. Corp. v City of New York, 186 AD3d 450, 451). Further, the court should have directed dismissal of the cause of action sounding in unjust enrichment, "since the damages the plaintiff seeks to recover are pursuant to an existing and valid contract" (D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d 924, 926; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 388-389; Barker v Time Warner Cable, Inc., 83 AD3d 750, 752).
The complaint failed to state a cause of action to recover damages for tortious interference with contract. The elements of tortious interference with a contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1035-1036). The plaintiff must also establish that the defendant intentionally procured the breach of contract "without justification" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; see Kimso Apts., LLC v Rivera, 180 AD3d at 1035-1036). Here, the plaintiff failed to sufficiently allege specific conduct by Friedman and Schlesinger intended to induce a breach by Deutsch of the underlying agreements (see Kimso Apts., LLC v Rivera, 180 AD3d at 1035-1036; LoPresti v Massachusetts Mut. Life Ins. Co., 30 AD3d 474; Schuckman Realty v Marine Midland Bank, 244 AD2d 400, 401), and the plaintiff's submissions in opposition to the motion failed to cure the defect in the complaint. Accordingly, the Supreme Court should have directed dismissal of the cause of action sounding in tortious interference with contract.
Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which was to disqualify the plaintiff's counsel (see Matter of Kopet, 164 AD3d 588; Hall Dickler Kent Goldstein & Wood, LLP v McCormick, 36 AD3d 758).
The defendants' remaining contentions are without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court