Betz v Blatt (2022 NY Slip Op 07430)

Betz v Blatt

2022 NY Slip Op 07430

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-14588
 (Index No. 58938/11)

[*1]Debra Betz, etc., respondent, 
v
Arnold W. Blatt, appellant, et al., defendants.

Arnold W. Blatt, New City, NY, appellant pro se.
Bashian, P.C., White Plains, NY (Gary E. Bashian and Andrew Frisenda of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Arnold W. Blatt appeals from a judgment of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated June 7, 2019. The judgment, after a nonjury trial, is in favor of the plaintiff and against the defendant Arnold W. Blatt in the principal sum of $1,856,699.36.
ORDERED that the judgment is affirmed, with costs.
The factual history of this case is set forth in prior decisions and orders of this Court (see Betz v Blatt, 160 AD3d 696; Betz v Blatt, 160 AD3d 689; Betz v Blatt, 116 AD3d 813). Insofar as is relevant to this appeal, the plaintiff, in her capacity as substitute executor of her father's estate (hereinafter the decedent's estate), commenced this action to recover damages for legal malpractice against, among others, the defendant Arnold W. Blatt (hereinafter the defendant), who represented a former executor of the estate who was removed for cause. The plaintiff asserted causes of action alleging, inter alia, that the defendant committed legal malpractice and violated Judiciary Law § 487 (see Betz v Blatt, 160 AD3d 696).
After a nonjury trial, the Supreme Court found that the defendant committed legal malpractice with respect to the decedent's estate, but that the plaintiff did not establish a violation of Judiciary Law § 487. The court awarded the plaintiff damages as against the defendant in the principal sum of $1,856,699.36. The defendant appeals.
Although an attorney representing the executor of an estate, generally, is not liable to the beneficiaries of the estate (see Kramer v Belfi, 106 AD2d 615, 616), as the attorney does not represent the estate itself (see Betz v Blatt, 116 AD3d at 816; Matter of Hof, 102 AD2d 591, 593), when fraud, collusion, malicious acts, or other special circumstances exist, an attorney may be liable to those third parties, even though not in privity with them, for harm caused by professional negligence (see Davis v Farrell Fritz, P.C., 201 AD3d 869, 871; Betz v Blatt, 160 AD3d at 698).
Here, although the defendant was not in privity with the estate, the evidence nevertheless established the existence of special circumstances subjecting him to liability (see Betz v Blatt, 160 AD3d at 698; Betz v Blatt, 116 AD3d at 816). At trial, the defendant admitted that, even though he was "not competent to do accountings," he did not arrange or direct the former executor to arrange for a professional accounting. Further, despite his admitted unfamiliarity with probate law, it was apparent to the defendant that the proposed accounting he circulated on behalf of the [*2]former executor was "terrible." Nevertheless, the defendant neither alerted the Surrogate's Court nor opposing counsel to the accounting problem.
Significantly, the defendant admitted that he was aware that the payment of estate funds by the former executor to the former executor and the former executor's children amounted to self-dealing, but that the defendant took no action other than providing advice to the former executor—which the defendant further admitted he knew would be ignored. Moreover, although the defendant testified that the former executor's conduct was "shocking," he nonetheless continued to disburse estate funds to the former executor—including funds from the sale of a parcel of real property which formed the estate's primary asset. The defendant's failure to notify the Surrogate's Court or withdraw as counsel upon discovering the self-dealing and misconduct of the former executor, together with the fact that the defendant fostered the former executor's self-dealing and misconduct by continuing to disburse estate assets to the former executor despite his knowledge that the former executor was engaging in self-dealing and looting, constitutes the type of "fraud, collusion, malicious acts or other special circumstances" for which an attorney may be held liable to third parties not in privity (Betz v Blatt, 160 AD3d at 698).
"Damages in a legal malpractice action are designed 'to make the injured client whole'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716, quoting Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 42). "'The plaintiff is required to plead actual, ascertainable damages that resulted from the attorneys' negligence'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716, quoting Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847). Here, the plaintiff presented ample evidence establishing both her damages and the defendant's contribution to them.
The defendant's remaining contention is improperly raised for the first time on appeal.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court