Lashley v BDL Real Estate Dev. Corp. (2023 NY Slip Op 00314)

Lashley v BDL Real Estate Dev. Corp.

2023 NY Slip Op 00314

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-00526
 (Index No. 8123/15)

[*1]Edmund Lashley, appellant, 
v
BDL Real Estate Development Corp., respondent.

Goldberg & Markus PLLC, New York, NY (Israel Goldberg and Helen J. Setton of counsel), for appellant.
Domenick Napoletano, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated October 28, 2019. The order and judgment granted that branch of the defendant's motion which was for summary judgment dismissing the amended complaint, and is in favor of the defendant and against the plaintiff dismissing the amended complaint.
ORDERED that the order and judgment is reversed, on the law, with costs, the amended complaint is reinstated, and that branch of the defendant's motion which was for summary judgment dismissing the amended complaint is denied.
In 2010, the plaintiff entered into a contract of sale with the defendant to purchase certain commercial real property located at 1474 Ralph Avenue in Brooklyn. The plaintiff had been leasing one of two buildings located on the property for use as an auto body repair shop since 2007. The contract did not contain a closing date. Sometime after the parties entered into the contract, the defendant commenced a landlord-tenant proceeding against the plaintiff, which the parties settled in a stipulation dated February 16, 2011. Paragraph 2 of the stipulation provided that "[i]n settlement and satisfaction of all claims by [the plaintiff], and in consideration of [the plaintiff] closing title on the purchase of 1474 Ralph Avenue, Brooklyn, New York, no later than March 31, 2011, [the defendant] waives the rent due for July 2010." The closing never occurred.
In 2015, the plaintiff commenced this action, inter alia, for specific performance of the contract. The defendant moved, among other things, for summary judgment dismissing the amended complaint. The Supreme Court granted that branch of the motion, determining that the plaintiff had breached the contract by failing to close title by March 31, 2011, and, as a result, the defendant was entitled to retain the down payment. The plaintiff appeals.
Where, as here, "time was not made of the essence in the original contract" (Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781), "one party may make time of the essence by giving proper notice to the other party" (Sikorsky v City of Newburgh, N.Y., 188 AD3d 1112, 1114 [internal quotation marks omitted]) "and avail himself [or herself] of forfeiture on default" (Schmidt v Reed, 132 NY 108, 113; see Mohen v Mooney, 162 AD2d 664, 665-666). "The notice setting a new date for the closing must (1) give clear, distinct, and unequivocal notice that time is of the [*2]essence, (2) give the other party a reasonable time in which to act, and (3) inform the other party that if he [or she] does not perform by the designated date, he [or she] will be considered in default" (Nehmadi v Davis, 63 AD3d 1125, 1127; see Sikorsky v City of Newburgh, N.Y., 188 AD3d at 1114; Decatur [2004] Realty, LLC v Cruz, 73 AD3d 970, 971). "A party need not state specifically that time is of the essence, as long as the notice specifies a time on which to close and warns that failure to close on that date will result in default" (Sohayegh v Oberlander, 155 AD2d 436, 438). It does not matter that the date is unilaterally set (see id. at 438; Zev v Merman, 134 AD2d at 557), and "[w]hat constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (Ben Zev v Merman, 73 NY2d at 783; see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904; Knight v McClean, 171 AD2d 648, 649-650).
Here, assuming that the stipulation designated March 31, 2011, as the date to perform the contract, the stipulation did not inform the plaintiff that if he did not perform, he would be considered in default (see Nehmadi v Davis, 63 AD3d at 1127). Since the defendant failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the amended complaint, that branch of its motion which was for summary judgment dismissing the amended complaint should have been denied regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the defendant's contention, the issue of whether the stipulation declared time to be of the essence may be raised for the first time on appeal since it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper juncture (see Deutsche Bank Natl. Trust Co. v Lubonty, 208 AD3d 142, 146; Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670, 671).
The plaintiff's remaining contention has been rendered academic in light of our determination.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court