Gardner v Sacco & Fillas, LLP (2023 NY Slip Op 02865)

Gardner v Sacco & Fillas, LLP

2023 NY Slip Op 02865

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-06822
 (Index No. 706776/14)

[*1]John Gardner, respondent, 
v
Sacco & Fillas, LLP, et al., appellants, et al., defendants.

Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), appellant pro se and for appellants Tonino Sacco, Elias N. Fillas, and Lamont Rodgers.
Ronemus & Vilensky, LLP, New York, NY (Robert Vilensky and Nadia Y. Lescott of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants Sacco & Fillas, LLP, Tonino Sacco, Elias N. Fillas, and Lamont Rodgers appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered September 1, 2020. The order, insofar as appealed from, denied the motion of the defendants Sacco & Fillas, LLP, Tonino Sacco, Elias N. Fillas, and Lamont Rodgers for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2014, the plaintiff commenced this action against, among others, the defendants Sacco & Fillas, LLP, Tonino Sacco, Elias N. Fillas, and Lamont Rodgers (hereinafter collectively the Sacco defendants), inter alia, to recover damages for legal malpractice, alleging that he incurred damages as a result of the Sacco defendants' failure to timely file a personal injury action on his behalf. The Sacco defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered September 1, 2020, the Supreme Court, among other things, denied the Sacco defendants' motion. The Sacco defendants appeal.
"To succeed on a motion for summary judgment dismissing a legal malpractice action, a defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied" (Schmidt v Burner, 202 AD3d 1117, 1119; see Buczek v Dell & Little, LLP, 127 AD3d 1121, 1123). "Those elements require a showing that (1) the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 197 AD3d 544, 545; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442).
Here, the Supreme Court properly denied the Sacco defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The Sacco defendants failed to submit evidence establishing, prima facie, the absence of at least one essential element of the legal [*2]malpractice cause of action (see Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 197 AD3d at 545; Fricano v Law Offs. of Tisha Adams, LLC, 194 AD3d 1016, 1018; Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652; Atiencia v Pinczewski, 148 AD3d 860, 861). Since the Sacco defendants failed to make their prima facie showing, we do not need to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court