Sternberg v Wiederman (2024 NY Slip Op 01576)

Sternberg v Wiederman

2024 NY Slip Op 01576

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-03201
 (Index No. 35076/21)

[*1]Chane Rachel Sternberg, et al., respondents,
v
Naomi Wiederman, appellant.

Nixon Peabody LLP, New York, NY (Adam B. Gilbert, Daniel J. Hurteau, and Erin T. Huntington of counsel), for appellant.
Abrams Fensterman LLP, White Plains, NY (Robert Spolzino and Lisa Colosi Florio of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for defamation and tortious interference with prospective economic advantage, the defendant appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated March 23, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
The plaintiffs commenced this action to recover damages for defamation and tortious interference with prospective economic advantage. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiffs opposed the motion.
In an order dated March 23, 2022, the Supreme Court, inter alia, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The defendant appeals.
When assessing the adequacy of a complaint in the context of a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept the allegations of the complaint as true, and provide the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87; Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1034). The "court must 'determine only whether the facts as alleged fit within any cognizable legal theory'" (Kimso Apts., LLC v Rivera, 180 AD3d at 1034, quoting Leon v Martinez, 84 NY2d at 87-88).
The elements of a cause of action to recover damages for defamation are (1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace; (2) published without privilege or authorization to a third party; (3) amounting to fault as judged by a negligence standard, at a minimum; and (4) either causing special harm or constituting defamation per se (see Kimso Apts., LLC v Rivera, 180 AD3d at 1034; Epifani v Johnson, 65 AD3d 224, 233). Further, the complaint in a defamation action "'must set forth the particular words allegedly [*2]constituting defamation, and it must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made'" (Kimso Apts., LLC v Rivera, 180 AD3d at 1034, quoting Epifani v Johnson, 65 AD3d at 233; see CPLR 3016[a]).
Here, contrary to the Supreme Court's determination, the complaint fails to state a viable defamation claim, since it does not set forth, inter alia, the actual words complained of, the dates of the alleged statements, or the persons to whom the statements were allegedly made. Rather, the complaint sets forth only the general content of the alleged defamatory statements, which were made at unspecified times to unnamed members of the community and unnamed persons at a business entity. Under such circumstances, the allegations failed to satisfy the pleading requirements of CPLR 3016(a) (see Kimso Apts., LLC v Rivera, 180 AD3d at 1034-1035; Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d 496, 497; Gill v Pathmark Stores, 237 AD2d 563, 564; see also Horbul v Mercury Ins. Group, 64 AD3d 682, 683; cf. Epifani v Johnson, 65 AD3d at 234).
Further, the Supreme Court should have directed dismissal of the plaintiffs' tortious interference with prospective economic advantage claim since the plaintiffs failed to allege that they would have received certain alleged economic benefits "but for" the defendant's interference (see Brown v Bethlehem Terrace Assoc., 136 AD2d 222, 225; see also Murphy v City of New York, 59 AD3d 301, 301).
The plaintiffs' request for leave to amend their complaint is improperly raised for the first time on appeal (see Brandenburg v St. Michael's Cemetery, 92 AD3d 631, 633).
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court