Kugel v Reynolds (2024 NY Slip Op 03173)

Kugel v Reynolds

2024 NY Slip Op 03173

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2019-13528
 (Index No. 16120/12)

[*1]Moshe Kugel, et al., plaintiffs-respondents, 
v
Kenneth Reynolds, defendant-respondent, Arnold Treco, Jr., PLLC, et al., appellants-respondents, Albany Marks, LLC, et al., respondents-appellants, et al., defendant.

Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Christopher T. Rogers of counsel), for appellants-respondents.
Zarin & Steinmetz LLP, White Plains, NY (Jacob E. Amir of counsel), for respondents-appellants.
Brief Carmen & Kleiman, LLP, New York, NY (Ira Kleiman of counsel), for plaintiffs-respondents.
Hagan, Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for defendant-respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, for specific performance of a contract for the sale of real property, and to recover damages for tortious interference with contract, the defendants Arnold Treco, Jr., PLLC, and Arnold Treco, Jr., appeal, and the defendants Albany Marks, LLC, Henry Ausch, and Yaakov Ausch cross-appeal, from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 27, 2019. The order, insofar as appealed from, upon reargument, vacated so much of an order of the same court dated May 15, 2018, as granted those branches of the cross-motion of the defendants Arnold Treco, Jr., PLLC, and Arnold Treco, Jr., which were for summary judgment dismissing the third cause of action, so much of the fourth cause of action as alleged negligent misrepresentation, and all cross-claims insofar as asserted against them, and thereupon denied those branches of that cross-motion. The order dated June 27, 2019, insofar as cross-appealed from, (1) granted the plaintiffs' motion to extend the notice of pendency, (2) denied the cross-motion of the defendants Albany Marks, LLC, Henry Ausch, and Yaakov Ausch to cancel the notice of pendency, (3) granted those branches of the plaintiffs' motion which were for leave to reargue that branch of their prior motion which was for summary judgment on the first cause of action and their opposition to those branches of the cross-motion of the defendants Albany Marks, LLC, Henry Ausch, and Yaakov Ausch which were for summary judgment, in effect, with respect to the first cause of action and dismissing the second, third, fifth, and sixth causes of action insofar as asserted against them, (4) upon reargument, vacated so much of the order dated May 15, 2018, as denied that branch of the plaintiffs' prior motion which was for summary judgment on the first cause of action, and thereupon granted that branch of the plaintiffs' prior motion, and, (5) upon reargument, vacated so much of the order dated May 15, 2018, as granted those branches of the cross-motion of the defendants Albany Marks, LLC, Henry Ausch, and Yaakov [*2]Ausch which were for summary judgment, in effect, with respect to the first cause of action and dismissing the second, third, fifth, and sixth causes of action insofar as asserted against them, and thereupon denied those branches of that cross-motion.
ORDERED that the cross-appeal from so much of the order dated June 27, 2019, as granted the plaintiffs' motion to extend the notice of pendency and denied the cross-motion of the defendants Albany Marks, LLC, Henry Ausch, and Yaakov Ausch to cancel the notice of pendency is dismissed; and it is further,
ORDERED that the order dated June 27, 2019, is modified, on the law, by deleting the provisions thereof, upon reargument, vacating so much of the order dated May 15, 2018, as granted those branches of the cross-motion of the defendants Arnold Treco, Jr., PLLC, and Arnold Treco, Jr., which were for summary judgment dismissing the third cause of action, so much of the fourth cause of action as alleged negligent misrepresentation, the cross-claims of the defendants Albany Marks, LLC, Henry Ausch, and Yaakov Ausch alleging fraud and negligence, and the cross-claims of the defendant Sterling Palmer insofar as asserted against them, and thereupon denying those branches of that cross-motion, and substituting therefor provisions, upon reargument, adhering to so much of the order dated May 15, 2018, as granted those branches of that cross-motion; as so modified, the order dated June 27, 2019, is affirmed insofar as appealed from and insofar as reviewed on the cross-appeal, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiffs' contract of sale is in full force and effect; and it is further,
ORDERED that one bill of costs is awarded to the defendants Arnold Treco, Jr., PLLC, and Arnold Treco, Jr., payable by the plaintiffs, one bill of costs is awarded to the defendant Kenneth Reynolds, payable by the defendants Arnold Treco, Jr., PLLC, and Arnold Treco, Jr., and one bill of costs is awarded to the plaintiffs, payable by the defendants Albany Marks, LLC, Henry Ausch, and Yaakov Ausch.
In 2012, the defendant Kenneth Reynolds entered into a contract to sell certain real property located in Brooklyn to the plaintiffs (hereinafter the plaintiffs' contract of sale). Later that year, Reynolds entered into a separate contract to sell the property to the defendant Henry Ausch or an entity yet to be formed (hereinafter the Ausch contract of sale). Ultimately, Reynolds sold the property to the defendant Albany Marks, LLC, of which Henry Ausch was the sole member. The plaintiffs commenced this action against (1) Reynolds, (2) the defendant Sterling Palmer, (3) the defendants Arnold Treco, Jr., PLLC, and Arnold Treco, Jr. (hereinafter together the Treco defendants), and (4) Albany Marks, LLC, Henry Ausch, and the defendant Yaakov Ausch (hereinafter collectively the Ausch defendants). The plaintiffs asserted six causes of action: (1) for a judgment declaring that the plaintiffs' contract of sale is in full force and effect, (2) for specific performance of the plaintiffs' contract of sale, (3) alleging tortious interference with contract, (4) alleging fraud and negligent misrepresentation, (5) alleging unjust enrichment, and (6) to impose a constructive trust on the property.
Reynolds asserted cross-claims against the Treco defendants to recover damages for legal malpractice and against all other defendants for indemnification and contribution. The Treco defendants asserted cross-claims against Palmer and the Ausch defendants for indemnification and contribution. The Ausch defendants asserted cross-claims against all other defendants alleging fraud and negligence and for indemnification and contribution. Palmer filed two answers. In the first, he did not assert any cross-claims. In the second, he asserted cross-claims against all other defendants for indemnification and contribution.
The plaintiffs moved for summary judgment on the first and second causes of action. The Treco defendants cross-moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them. The Ausch defendants cross-moved, inter alia, for summary judgment, in effect, with respect to the first cause of action and dismissing the remaining causes of action and all cross-claims insofar as asserted against them. In an order dated May 15, 2018, the Supreme Court, among other things, denied the plaintiffs' motion and granted the Treco [*3]defendants' and the Ausch defendants' cross-motions. The plaintiffs appealed from that order.
The plaintiffs thereafter moved, inter alia, for leave to reargue their prior motion and their opposition to the Treco defendants' and the Ausch defendants' cross-motions. In an order dated June 27, 2019, the Supreme Court, among other things, granted leave to reargue and, upon reargument, granted that branch of the plaintiffs' prior motion which was for summary judgment on the first cause of action; denied those branches of the Treco defendants' cross-motion which were for summary judgment dismissing the third cause of action, so much of the fourth cause of action as alleged negligent misrepresentation, and all cross-claims insofar as asserted against them; and denied those branches of the Ausch defendants' cross-motion which were for summary judgment, in effect, with respect to the first cause of action and dismissing the second, third, fifth, and sixth causes of action insofar as asserted against them. The court also granted a separate motion by the plaintiffs to extend the notice of pendency and denied a cross-motion by the Ausch defendants to cancel the notice of pendency. The plaintiffs subsequently withdrew their appeal from the order dated May 15, 2018. The Treco defendants appeal from the order dated June 27, 2019, and the Ausch defendants cross-appeal from that order.
Contrary to the Ausch defendants' contention, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs leave to reargue. "The Supreme Court had jurisdiction to reconsider its prior order regardless of statutory time limits concerning motions to reargue" (Itzkowitz v King Kullen Grocery Co., Inc., 22 AD3d 636, 638 [internal quotation marks omitted]). The plaintiffs' appeal from the order dated May 15, 2018, was pending and unperfected as of the time that their motion for reargument was made. Under these circumstances, the court providently entertained the plaintiffs' motion for leave to reargue, notwithstanding that it was made beyond the 30-day limit set forth in CPLR 2221(d)(3) (see Terio v Spodek, 63 AD3d 719, 720-721; Itzkowitz v King Kullen Grocery Co., Inc., 22 AD3d at 638).
Upon reargument, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, seeking a judgment declaring that the plaintiffs' contract of sale is in full force and effect, and properly denied that branch of the Ausch defendants' cross-motion which was for summary judgment, in effect, with respect to that cause of action. The plaintiffs demonstrated, prima facie, that the plaintiffs' contract of sale was not terminated when they failed to close on July 25, 2012, because Reynolds failed to give the plaintiffs proper notice of the closing.
Where "a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether the contract designates a specific date for performance" (Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388, 1389 [internal quotation marks omitted]). Where "time was not made of the essence in the original contract, one party may make time of the essence by giving proper notice to the other party and avail himself [or herself] of forfeiture on default" (Lashley v BDL Real Estate Dev. Corp., 212 AD3d 800, 800-801 [citations and internal quotation marks omitted]). "The notice setting a new date for the closing must (1) give clear, distinct, and unequivocal notice that time is of the essence, (2) give the other party a reasonable time in which to act, and (3) inform the other party that if he [or she] does not perform by the designated date, he [or she] will be considered in default" (id. at 801 [internal quotation marks omitted]). "[W]hat constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (id. [internal quotation marks omitted]). "Included within a court's determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance" (Ashkenazi v Miller, 190 AD3d 668, 671 [internal quotation marks omitted]). "A time-of-the-essence letter which does not give the purchaser sufficient time to perform constitutes a nullity" (Iannucci v 70 Washington Partners, LLC, 51 AD3d 869, 871).
Here, the plaintiffs' submissions showed that on the morning of July 20, 2012, Treco, who represented Reynolds in the sale of the property, sent the plaintiffs' attorney an email informing the plaintiffs that Reynolds was canceling the plaintiffs' contract of sale and returning the plaintiffs' [*4]deposit. The plaintiffs included a copy of the returned check, dated July 20, 2012, with their motion papers. Just over an hour later, the plaintiffs' attorney sent an email to Treco stating that the plaintiffs were "ready to proceed to a closing." Approximately two hours later, Treco sent the plaintiffs' attorney a letter purporting to set a time-of-the-essence closing date of July 25, 2012. The plaintiffs' attorney's firm received that letter approximately one hour before the close of business on a Friday, with the closing set for the following Wednesday. Thus, the plaintiffs had only two business days, Monday and Tuesday, July 23 and 24, 2012, to prepare for the July 25, 2012 closing date. Moreover, the plaintiffs submitted an affirmation from the plaintiff Moshe Kugel, who stated that the noticed closing date was a day of religious observance, during which the plaintiffs and Reynolds had orally agreed not to hold the closing. Under these circumstances, the letter purporting to set a time-of-the-essence closing did not give the plaintiffs "a reasonable time in which to act," and the letter was, therefore, a nullity (Lashley v BDL Real Estate Dev. Corp., 212 AD3d at 801 [internal quotation marks omitted]; see Iannucci v 70 Washington Partners, LLC, 51 AD3d at 871).
Accordingly, the plaintiffs' failure to close on July 25, 2012, did not constitute a breach of the plaintiffs' contract of sale, and the plaintiffs demonstrated, prima facie, that the plaintiffs' contract of sale had not been terminated. In opposition to this prima facie showing, the Ausch defendants failed to raise a triable issue of fact. Thus, the plaintiffs were entitled to summary judgment declaring that the plaintiffs' contract of sale is in full force and effect.
Upon reargument, the Supreme Court properly denied that branch of the Ausch defendants' cross-motion which was for summary judgment dismissing the second cause of action, seeking specific performance of the plaintiffs' contract of sale, insofar as asserted against them. "The elements of a cause of action for specific performance of a contract [for the sale of real property] are that the plaintiff substantially performed its contractual obligations and was [ready,] willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law" (Treasure Is. of Asbury Park Self-Storage, LLC v MBAR Realty, LLC, 216 AD3d 1200, 1203 [internal quotation marks omitted]). A defendant moving for summary judgment dismissing a cause of action for specific performance must demonstrate, prima facie, that the plaintiff is "unable to prove one or more of the elements of its cause of action" (Chester Green Estates, LLC v Arlington Chester, LLC, 161 AD3d 1036, 1039). Here, the Ausch defendants failed to meet their prima facie burden. Contrary to the Ausch defendants' contentions, they failed to demonstrate the absence of triable issues of fact as to whether the plaintiffs were not ready, willing, and able to close, and they failed to demonstrate that the plaintiffs were in default (see Ashkenazi v Miller, 190 AD3d at 670-671; Chester Green Estates, LLC v Arlington Chester, LLC, 161 AD3d at 1038-1039). Accordingly, the court properly denied that branch of the Ausch defendants' cross-motion which was for summary judgment dismissing the second cause of action insofar as asserted against them regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Upon reargument, the Supreme Court properly denied that branch of the Ausch defendants' cross-motion which was for summary judgment dismissing the third cause of action, alleging tortious interference with contract, insofar as asserted against them. "The elements of tortious interference with a contract are: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Klein v Deutsch, 193 AD3d 707, 709 [internal quotation marks omitted]). "The plaintiff must also establish that the defendant intentionally procured the breach of contract without justification" (id. at 709-710 [internal quotation marks omitted]). The Ausch defendants demonstrated, prima facie, that they did not know that the plaintiffs' contract of sale was still in effect when they entered into their own contract of sale and that they, therefore, did not intentionally induce Reynolds into breaching the plaintiffs' contract of sale (see id. at 709). In opposition, the plaintiffs raised triable issues of fact as to these issues by submitting evidence that the Ausch defendants were told at their contract meeting of the existence of the plaintiffs' contract of sale and directed Treco to cancel that contract and return the plaintiffs' deposit (see id.). Accordingly, the Ausch defendants were not entitled to summary judgment dismissing the third cause of action insofar as asserted against them.
However, upon reargument, the Supreme Court should have adhered to the prior determination granting that branch of the Treco defendants' cross-motion which was for summary judgment dismissing the third cause of action insofar as asserted against them. "[I]nasmuch as the relationship created between an attorney and his [or her] client is that of principal and agent, an attorney is not liable for inducing his [or her] principal to breach a contract with a third person, at least where he [or she] is acting on behalf of his [or her] principal within the scope of his [or her] authority" (Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 844 [internal quotation marks omitted]). "Absent a showing of fraud or collusion, or of a malicious or tortious act, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client" (id. at 845 [internal quotation marks omitted]). Here, the Treco defendants demonstrated, prima facie, that Treco was acting on Reynolds's behalf and within the scope of Treco's authority as Reynolds's attorney (see id. at 844). In opposition, the plaintiffs failed to raise a triable issue of fact. The evidence cited by the plaintiffs did not support a finding that Treco's acts in representing Reynolds were motivated by any self-interest or self-dealing or that the acts personally benefitted Treco (see id. at 845; Pancake v Franzoni, 149 AD2d 575, 575-576).
Upon reargument, the Supreme Court also should have adhered to the prior determination granting that branch of the Treco defendants' cross-motion which was for summary judgment dismissing so much of the fourth cause of action as alleged negligent misrepresentation insofar as asserted against them. The Treco defendants submitted evidence that they did not have "a special or privity-like relationship" with the plaintiffs, who were represented by their own attorney in this "ordinary arm's length business transaction" (Feldman v Byrne, 210 AD3d 646, 650). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' new theory of liability with respect to this cause of action insofar as asserted against the Treco defendants is improperly raised for the first time on appeal, and therefore, we do not consider it (see TJG Realty of Rockland, LLC v Con Serv Constr., Inc., 218 AD3d 713).
Upon reargument, the Supreme Court properly denied that branch of the Ausch defendants' cross-motion which was for summary judgment dismissing the fifth cause of action, alleging unjust enrichment, insofar as asserted against them. The Ausch defendants failed to present any evidence that they were not enriched at the plaintiffs' expense or that it would not be "against equity and good conscience to permit" them to retain such enrichment (Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1280 [internal quotation marks omitted]). The Ausch defendants' attempt on appeal to shift the burden onto the plaintiffs to present evidence in the first instance is misplaced. As the movants, it was the Ausch defendants' burden to present evidence that there were no "material issues of fact" on this cause of action (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Because the Ausch defendants did not meet this burden, they were not entitled to summary judgment dismissing the fifth cause of action insofar as asserted against them regardless of the sufficiency of the plaintiffs' opposition papers (see id.).
Upon reargument, the Supreme Court properly denied that branch of the Treco defendants' cross-motion which was for summary judgment dismissing Reynolds's cross-claim against them alleging legal malpractice. "To succeed on a motion for summary judgment dismissing a legal malpractice action, a defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied" (Gardner v Sacco & Fillas, LLP, 216 AD3d 1139, 1140 [internal quotation marks omitted]). "Those elements require a showing that (1) the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (id. at 1140 [internal quotation marks omitted]). Here, the Treco defendants failed to demonstrate, prima facie, that Reynolds could not satisfy at least one of the elements of a legal malpractice cause of action (see id.). Therefore, the Treco defendants were not entitled to summary judgment dismissing Reynolds's cross-claim against them alleging legal malpractice regardless of the sufficiency of Reynolds's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Upon reargument, the Supreme Court should have adhered to the prior determination granting those branches of the Treco defendants' cross-motion which were for summary judgment [*5]dismissing the Ausch defendants' cross-claims alleging fraud and negligence insofar as asserted against them. As to fraud, the Treco defendants demonstrated, prima facie, that the Ausch defendants either did not rely on a misrepresentation or that any such reliance was not justified (see Citibank, N.A. v Potente, 210 AD3d 861, 863). As to negligence, the Treco defendants demonstrated, prima facie, that any alleged injury to the Ausch defendants was caused by Treco's services performed on his client's behalf and within the scope of his authority as Reynolds's attorney, and that there was no fraud, collusion, or malice or tortious act (see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d at 845). In opposition, the Ausch defendants failed to raise a triable issue of fact with respect to either cross-claim.
Upon reargument, the Supreme Court should have also adhered to the prior determination granting that branch of the Treco defendants' cross-motion which was for summary judgment dismissing Palmer's cross-claims for indemnification and contribution insofar as asserted against them. The Treco defendants argued in support of their cross-motion that Palmer's second answer, in which he asserted these cross-claims, was untimely, that he did not have leave of court to file an amended answer, and that there was no stipulation allowing him to file an amended answer (see CPLR 3025[b]). Palmer conceded these points, as he did not file any papers opposing the Treco defendants' cross-motion (see Woodbury Realty, LLC v 10 Bethpage Rd., LLC, 178 AD3d 757, 761-762). Accordingly, Palmer did not properly assert cross-claims for indemnification and contribution against the Treco defendants, and the Treco defendants were entitled to summary judgment dismissing these cross-claims insofar as asserted against them (see Hulse v Wirth, 175 AD3d 1276, 1279; Walden v Nowinski, 63 AD2d 586, 586).
As to the Ausch defendants' contentions regarding so much of the order dated June 27, 2019, as granted the plaintiffs' motion to extend the notice of pendency and denied the Ausch defendants' cross-motion to cancel the notice of pendency, the Ausch defendants failed to compile a proper record on appeal (see CPLR 5526). The Ausch defendants failed to include the motion papers for that motion and cross-motion in the record on appeal, thus precluding meaningful appellate review of their contentions regarding the determinations of that motion and cross-motion (see Bruzzese v Bruzzese, 203 AD3d 1007, 1010). Because the record is inadequate to enable this Court to render an informed decision as to those determinations, the Ausch defendants' cross-appeal from so much of the order dated June 27, 2019, as pertains to those determinations must be dismissed (see id. at 1010). To the extent that the Ausch defendants seek review of a prior order or orders referenced in their brief granting prior motions by the plaintiffs to extend the notice of pendency and for a stay of enforcement of the order dated May 15, 2018, pending appeal, their contentions are not properly before this Court, as the Ausch defendants failed to appeal from that order or orders (see Deutsche Bank Natl. Trust Co. v Steward, 182 AD3d 576, 578).
The remaining contentions of the Treco defendants and the Ausch defendants are without merit.
Reynolds's request for certain affirmative relief is not properly before this Court (see Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1164; Matter of Margary v Martinez, 118 AD3d 1004, 1006).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiffs' contract of sale is in full force and effect (see Lanza v Wagner, 11 NY2d 317, 334).
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court