Garanin v Hiatt (2025 NY Slip Op 03555)

Garanin v Hiatt

2025 NY Slip Op 03555

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-00250
 (Index No. 100013/20)

[*1]Vsevolod Sergeevich Garanin, appellant,
v
Robert Walter Hiatt, et al., respondents.

Andrew Lavoott Bluestone, New York, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated December 20, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging legal malpractice and violation of Judiciary Law § 487.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487. The alleged conduct of the defendants that forms the basis of this action can be found in a decision and order of this Court on a prior appeal (see Garanin v Hiatt, 219 AD3d 958, 959), in which this Court determined that the amended complaint adequately stated causes of action to recover damages for legal malpractice and violation of Judicial Law § 487. Following the determination of that appeal, the defendants moved for summary judgment dismissing the amended complaint. In an order dated December 20, 2023, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging legal malpractice and violation of Judiciary Law § 487. The plaintiff appeals.
"'To succeed on a motion for summary judgment dismissing a legal malpractice action, a defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied'" (Kugel v Reynolds, 228 AD3d 743, 751, quoting Gardner v Sacco & Fillas, LLP, 216 AD3d 1139, 1140). "'Those elements require a showing that (1) the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages'" (id.). "'Absent a showing of fraud or collusion, or of a malicious or tortious act, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client'" (id. at 750, quoting Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845; see Betz v Blatt, 211 AD3d 1004, 1005).
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging legal malpractice. The defendants' [*2]evidence established, prima facie, that they were not in privity with the plaintiff, who was the adversary of their client, and that they did not engage in fraud, collusion, malicious or tortious acts, or other special circumstances that could subject the defendants to liability (see Betz v Blatt, 211 AD3d at 1005). In opposition, the plaintiff failed to raise a triable issue of fact.
Moreover, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violation of Judiciary Law § 487, which was premised on the same facts as the legal malpractice cause of action. Judiciary Law § 487 imposes civil liability on any attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive . . . any party." Here, the defendants established, prima facie, that they did not engage in any deceit or collusion with the intent to deceive the plaintiff (see id.; Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 179). In opposition, the plaintiff failed to raise a triable issue of fact.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court